UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH SEELEY, | : | CIVIL NO. 1:14-CV-871 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| THE BABY STEP ADOPTION | : | |
| AGENCY, LARRY GREEN, and | : | |
| NORA LORENZO GREEN, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

The plaintiff in this civil matter, Keith Seeley ("Seeley"), an inmate imprisoned at FCI Marianna, has filed a breach of contract lawsuit against the Baby Step Adoption Agency ("Baby Step"), Barbara Casey ("Casey"), the director at Baby Step, Larry Green ("Larry"), and Nora Lorenzo Green ("Nora").[1] Along with the complaint, Seeley filed a motion to proceed *in forma pauperis* and a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of his complaint. Based on the contents of his motion coupled with the apparent absence of three dismissals within 28 U.S.C. § 1915(g), I recommend granting it; however, I have screened his complaint pursuant

---

[1] Casey is not named in Seeley's caption; however, the substance of the complaint makes it clear that Seeley intends on naming Casey as a defendant. *See, e.g., Doc.* 1 at 7.

to the *in forma pauperis* statute, 28 U.S.C. § 1915(e), and I recommend that the complaint be dismissed for failure to state a claim.

I. **Seeley's Complaint.**

This case stems from a contract to adopt Seeley's two daughters, L.V. and S.S. In February 2011, Seeley's wife, Heather, called him at prison to say that her grandparents, Larry and Nora, were interested in adopting L.V.[2] Both Larry and Nora allegedly reside in East Stroudsburg, Pennsylvania. After talking with Heather, Seeley claims that he agreed to the adoption but had three stipulations that he wanted embodied in a contract. Thereafter, Larry and Nora contacted Baby Step to initiate the adoption procedure.

On or about February 24, 2011, Casey contacted Seeley at FCI Estill. During their conversation, Seeley informed Casey of his stipulations: (1) the daughters' names would not be changed during the adoption period; (2) the daughters' contact information will be made readily available; and (3) the daughters would have contact with him at least once per month. Thereafter, Casey drew up an adoption contract containing the three stipulations, and the contract was executed by the parties.

---

[2] According to the complaint, S.S. was adopted by another set of Heather's grandparents. *See Doc.* 1 at 3. Further, the adoption of S.S. does not appear to form the basis of Seeley's claim for breach of contract.

Seeley claims that he then attempted to contact L.V., but Larry and Nora told him not to call again. L.V.'s grandparents also allegedly told Seeley that he would not be allowed to have any contact with his daughter, and they allegedly changed the daughter's name. In response, Seeley claims that he reached out to Casey about the alleged breaches, but she did not provide a satisfactory response. Moreover, to date, Seeley has not had contact with L.V. He now brings this lawsuit for breach of contract seeking to have the stipulations enforced, but as stated at the outset, subject-matter jurisdiction is apparently lacking.

**II.     The *In Forma Pauperis* Statute.**

Pursuant to 28 U.S.C. § 1915(a)(2), the Court may authorize the commencement of a civil suit, without prepayment of fees, by a prisoner who submits an affidavit that includes a statement that (s)he is unable to pay such fees, in addition to a certified copy of his or her trust fund account statement for the 6-month period immediately preceding the filing of the complaint. Moreover, the statute authorizes the dismissal of a case, at any time, if the Court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Thus, this Court must engage in a two-step analysis.

First, the Court must evaluate the litigant's financial status and determine whether (s)he is eligible to proceed *in forma pauperis*. *Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). The litigant seeking such status must establish that

(s)he is unable to pay the costs of her suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Ordinarily, where an affidavit of poverty is filed, the plaintiff should be accorded a preliminary right to proceed *in forma pauperis*. *Lawson v. Prasse*, 411 F.2d 1203 (3d Cir. 1969).

Second, the Court has an on-going statutory obligation to review complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e) (2)(B)(ii). Specifically, the Court "shall dismiss the complaint at any time if [it is determined] that ... the action ... fails to state a claim upon which relief may be granted." Given that the language under the statute is similar to the language set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure - providing for the dismissal of complaints that fail to state a claim upon which relief may be granted - the same legal standard is to apply under the *in forma pauperis* statute. In other words, the Court must accept as true a plaintiff's material allegations, and construe the complaint in the light most favorable to him or her. *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009) (citation omitted). Furthermore, since the standard for reviewing dismissals under 12(b)(1) (lack of subject-matter jurisdiction) is the same as the 12(b)(6) standard, the Third Circuit has reasoned that a dismissal for lack of statutory standing, under the subject-matter jurisdiction statutes, is effectively the same as a dismissal for failure to state a claim. *See Baldwin v. University of Pittsburg Medical Center*, 636 F.3d 69, 73-

74 (3d Cir. 2011)(cited cases omitted).  Moreover, in reviewing a *pro se* litigant's complaint, the Court must liberally construe it and hold it to a less stringent standard than formal complaints drafted by a lawyer.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 10-4710, 2013 WL 57895 at *4 (3d Cir. Jan. 7, 2013).

### III.  Discussion.

As alluded to, *supra*, I recommend dismissal of Seeley's complaint for a failure to state a claim – i.e. for a lack of subject-matter jurisdiction.  Federal courts have an independent obligation to ensure the existence of subject-matter jurisdiction over claims before them, even when the parties do not raise the issue.  *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  In this case, Seeley's complaint premises jurisdiction on 28 U.S.C. § 1331 – "federal question" jurisdiction.  *Doc.* 1 at 1.

Pursuant to § 1331, "[t]he district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Abundant case law provides guidance for determining when a civil

action "arises under" said federal law invoking a district court's "federal question" jurisdiction. Among this case law, "one powerful doctrine has emerged, … the well-pleaded complaint rule." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10 (1983).

The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon")); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."). In applying the well-pleaded complaint rule:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Id.* (quoted case omitted). Thus, federal courts have original "federal question" jurisdiction when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* at 27-28.  The burden of

demonstrating federal jurisdiction lies with the plaintiff.  *Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000).

In this matter, federal law does not create the cause of action and Seeley's right to relief, if any, does not depend on any resolution of a substantial question of federal law.  Rather, Seeley's claim is premised solely upon state law principles of contracts.  *See Gorden v. Cutler*, 471 A.2d 449, 454 (Pa. Super. Ct. 1983)(discussing adoption contracts generally).  As such, Seeley's complaint should be dismissed, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[3]

---

[3]   It remains unclear whether the Court can exercise its "diversity jurisdiction" pursuant to 28 U.S.C. § 1332.  While Seeley seeks to establish the citizenship of Casey, Larry, and Nora in his complaint, there is no statement about Baby Step's citizenship status or the amount in controversy.  Moreover, since Seeley is not seeking to establish parental status, the case does not appear to be automatically precluded from review under the domestic relations exception.  *See generally*, Francis M. Dougherty, *"Domestic Relations" exception to jurisdiction of federal courts under diversity of citizenship provisions of 28 U.S.C. § 1332*, 100 A.L.R. Fed 700, § 32 Actions to Adopt Child (1990).

## IV.     Recommendations.

For the foregoing reasons, **IT IS RECOMMENDED** that:

(1) Seeley's complaint (*Doc.* 1) be **DISMISSED**; and

(2) Seeley's motion to proceed *in forma pauperis* (*Doc.* 2) be **GRANTED**.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **29th** day of **May, 2014**.

            *S/ Susan E. Schwab*
            **Susan E. Schwab**
            **United States Magistrate Judge**